FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 11, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    2:17-CR-0031-WFN-1 |
| Plaintiff, | |
| -vs- | ORDER DENYING MOTION TO MODIFY SENTENCE |
| WILLIAM LEE TAYLOR, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Modify Sentence.  ECF No. 50. Defendant indicates that the Warden denied his request for compassionate release. Consequently, he has exhausted his claim with the Bureau of Prisons [BOP].

Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)."  18 U.S.C. § 3582(c)(1)(A).  As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

Defendant has not demonstrated extraordinary or compelling reasons warranting a sentence reduction. Though Defendant suffers from several medical conditions that put him at increased risk of serious illness or death were he to contract COVID-19, he has received at least the first dose of the vaccine and is housed at a facility that does not have a significant infection rate.  The BOP has adequately addressed his chronic conditions which were known at the time of sentencing and have been monitored throughout his time in custody.

The Court does not find that Defendant absolutely presents a danger to the community; however, his past gives cause for concern. Defendant's numerous prior

convictions earned him 16 criminal history points leading to a Criminal History Category of VI. Though his crimes largely appear to be non-violent, the current conviction is his second Federal firearm possession conviction. Defendant's underlying conviction was serious; he was found in possession of a loaded firearm while fleeing from the police.  He faced a guideline range of 30 - 37 months; but due to his criminal history, Judge Quackenbush varied upward to nearly twice the top of the range.  See ECF No. 41. The Court has reviewed the file and Motion and is fully informed.  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Modify Sentence, filed February 12, 2021, **ECF No. 50**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 11th day of March, 2021.

03-09-21

_____

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2