PROB 12C
(6/16)

Report Date: March 6, 2023

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2023

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: William Lee Taylor         Case Number: 0980 2:17CR00031-WFN-1

Address of Offender:            Spokane Valley, Washington 99206

Name of Sentencing Judicial Officer:  The Honorable Justin L. Quackenbush, Senior U.S. District Judge
Name of Assigned Judicial Officer: The Honorable W. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: July 7, 2017

| | | |
|---|---|---|
| Original Offense: | Possession of a Firearm by a Prohibited Person, 18 U.S.C. § 922(g)(1) | |
| Original Sentence: | Prison - 72 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Patrick J. Cashman | Date Supervision Commenced: March 11, 2022 |
| Defense Attorney: | Jason F. Carr | Date Supervision Expires: March 10, 2025 |

### PETITIONING THE COURT

To issue a warrant.

On March 11, 2022, Mr. Taylor's conditions of supervised release were reviewed by the probation officer and he signed said conditions acknowledging an understanding of his requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #3**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare.  You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider. |
| | **Supporting Evidence**: The offender is alleged to have violated special condition number 3, by failing to attend his scheduled treatment sessions at Pioneer Human Services (PHS) on February 16, 23, and March 2, 2023. |
| | The probation officer received email correspondence from PHS indicating Mr. Taylor failed to report to their facility for scheduled group treatment sessions on February 16, 23, and March 2, 2023. |

Prob12C
**Re: Taylor, William Lee**
**March 6, 2023**
**Page 2**

| | | |
|---|---|---|
| 2 | | **Special Condition #4:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: The offender is alleged to have violated special condition number 4, by failing to report to PHS for urinalysis testing on February 24, and 27, 2023.

The probation officer received email correspondence from PHS indicating Mr. Taylor failed to report to their facility for urinalysis testing on February 24, and 27, 2023.

3      **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: The offender is alleged to have violated standard condition number 2, by failing to report to the U.S. Probation Office for a scheduled appointment at 8 a.m. on March 6, 2023.

On March 3, 2023, this officer attempted to contact the offender at his residence. Mr. Taylor did not answer the door, so the undersigned left a business card instructing him to report to the U.S. Probation Office at 8 a.m., on March 6, 2023. Mr. Taylor failed to report for said appointment.

4      **Standard Condition #7:** You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence:** The offender is alleged to have violated standard condition number 7, by failing to notify the probation officer within 72 hours about the change in his employment status, on or about February 21, 2023.

On March 6, 2023, this officer contacted the offender's employer, Travis Pattern, in an effort to reach him. At that time, his employer notified the probation officer that Mr. Taylor stopped coming to work and his employment was terminated effective February 21, 2023.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

Prob12C
Re: Taylor, William Lee
March 6, 2023
Page 3

I declare under a penalty of perjury that the foregoing is true and correct.

Executed on: March 6, 2023

s/Lori Cross

Lori Cross
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

3/6/2023
Date