FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 05, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-CR-00031-WFN-1 |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| v. | |
| WILLIAM LEE TAYLOR, | **ECF No. 75** |
| Defendant. | |

Before the Court is Defendant's Motion to Motion to Modify Conditions of Release (ECF No. 75).  Defendant was represented on this Motion by Assistant Federal Defender Amy Rubin.

On March 14, 2023, Magistrate Judge James A Goeke held a detention hearing and granted the United States' Motion for Detention (ECF No. 59).  ECF No. 74.  However, at the same hearing, Defendant orally moved for furlough to inpatient treatment (ECF No. 68), which Judge Goeke granted.  *Id*.  Now approaching successful completion of treatment, Defendant has filed a motion for this Court to grant his release to reside at his residence in Spokane.  ECF No. 75.

ORDER - 1

Neither the United States Attorney's Office, nor United States Probation/Pretrial Services Office have any objection to Defendant's release. *Id.*

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Under that Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a), pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Under that statute, such a defendant shall be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). This burden of clear and convincing evidence lies with the defendant. Fed. R. Crim. P. 32.1(a)(6); *see United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994).

This Court has taken into account the nature and circumstances of conviction,[1] the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug

---

[1] While 18 U.S.C. § 3143(a)(1) directs the Court to consider release conditions under 18 U.S.C. § 3142(c), this statute contemplates an offense charged, which is inapposite in the context of supervised release.

ORDER - 2

abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

Considering Defendant's completion of inpatient treatment and the agreement of both the United States Probation/Pretrial Services Office and the United States Attorney's Office with release, the Court finds that Defendant has established by clear and convincing evidence conditions or a combination of conditions of release that would reasonably assure Defendant will not flee. Furthermore, Defendant has established by clear and convincing evidence conditions or a combination of conditions of release that would mitigate the risk to the safety of other persons or the community that Defendant poses.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 75**) is **GRANTED.**

2. If a party desires this Court to readdress the issue of detention because of material and newly discovered circumstances, that party shall file a maximum four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States

ORDER - 3

Probation/Pretrial Services; or another party with a substantial interest in the motion object, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position.  This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

3. If a party desires that another court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

4. Defendant shall be released on previously imposed conditions of supervised release pending the revocation hearing as directed by United States Probation/Pretrial Services.  Defendant shall further abide by all previous conditions imposed under 18 U.S.C. § 3142(c), pursuant to this Court's authority to grant pre-revocation hearing release under Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1).

ORDER - 4

5. Defendant is bound over to Senior Judge Wm. Fremming Nielsen for further proceedings.

**IT IS SO ORDERED.**

DATED April 5, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5